# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 18-00088-KD-N |
| | ) |
| BETTYE CLEMENTS HAYS, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This action is before the Court on Defendant Bettye Clements Hays' Emergency Motion for Expedited Relief for Reduction in Sentence or Immediate Release (doc. 79). Hays moves for early release from her 70-month sentence for conspiracy to commit wire fraud (doc. 56). Hays argues that extraordinary and compelling reasons exist to grant her "immediate release or the alternative, place her in direct home confinement" for the remainder of her sentence (doc. 79, p. 2). As reasons, Hays points out that her age, sixty years, and "anemia, which affects her immune system" put her at risk of contracting Covid 19, but the Federal Bureau of Prisons has failed to provide adequate and suitable living quarters to protect her. She asserts that the "unsanitary conditions of her confinement can lead to death" and "requests emergency relief." (Id).

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such a reduction" . . . and that such reduction is consistent with applicable policy statements issued by

the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

In January 2019, after enactment of the First Step Act, the Bureau of Prisons revised its Program Statement regarding compassionate release. See Federal Bureau of Prisons, Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g) (Jan. 17, 2019) https://www.bop.gov/policy/progstat/5050_050_EN.pdf. With respect to a request for compassionate relief under 18 U.S.C. § 3582(c)(1)(A), the Program Statement outlines certain minimum requirements. Specifically, the request to the Warden should be in writing and "shall at a minimum contain the following information: (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration. (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." Id. at § 571.61. Additionally, the request for consideration should be initiated "only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." Id.

Hays did not provide the Court with any evidence that she exhausted her administrative remedies with the BOP or that she made a request for compassionate release to the Warden before she filed her motion in this Court. Since Hays failed to comply with either of the two statutory requirements, the Court finds that she has not met the necessary prerequisites for consideration of her motion. Accordingly, Hays' motion is due to be dismissed for failure to meet the statutory prerequisites. See United States v. Solis, No. 16-015, 2019 WL 2518452, at

*2 (S.D. Ala. June 18, 2019) (a defendant who has not "requested compassionate release from the BOP or otherwise exhausted his administrative remedies" is not entitled to a reduction of his term of imprisonment.).

However, even assuming that Hays met the statutory prerequisite, she is not entitled to compassionate release. The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that if there are "extraordinary and compelling" reasons, a defendant may obtain a reduced sentence after consideration of the factors set forth in 18 U.S.C. § 3553(a), and if the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

Before the First Step Act, the Sentencing Commission promulgated the following policy statement:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or

3

(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons to consider reduction of a sentence under § 3582(c)(1)(A). The defendant's medical condition may qualify if certain criteria are met. U.S.S.G. § 1B1.13 cmt. n. 1(A). Specifically, if the

i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. §1B1.13 cmt. n. 1(A).

Hays does not allege that she is terminally ill. She does not allege that she has serious functional or cognitive impairment or that her ability to provide self-care in the facility is diminished. She does allege that she has "anemia, which affects her immune system" but she does not provide any evidence as to the seriousness of this medical condition.

4

The district court may consider the defendant's age (at least 65 years old), and whether the defendant "is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id., cmt. n. 1(B).  Since Hays is 60 years old, she does not fall within the parameters of this example.  Additionally, Hays does not indicate that her physical or mental health is seriously deteriorating because of the aging process.  Also, she has served only 10 months of her 70-month sentence, which is not 75% of her term of imprisonment

The district court may consider the defendant's family circumstances with regard to the care of minor children or care of an incapacitated spouse or partner. Id., at cmt. n. (1)(C). Hays does not indicate that she has minor children or an incapacitated spouse or partner.

Last, the district court may consider "Other Reasons", if there exists "in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)", as determined by the Director of the Bureau of Prisons. Id., cmt. n. (1)(D).

Since Hays does not fall within the parameters of (A) through (C), her request must fall under subparagraph (D).  In its present version, subparagraph (D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at * 3(D. Me. July 11, 2019).  But now that the First Step Act allows the inmate to file for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release.  However, the Court finds that until the Sentencing Commission amends its Policy Statement "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." United States v. Fox,

2019 WL 3046086, at *3. Hays' concerns about contracting Covid 19 and her belief that her conditions of confinement are not sanitary and would not protect her from the virus, are not comparable or analogous. Moreover, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release." United States v. Zywotko, 2020 WL 1492900, at *2 (M.D. Fla. March 27, 2020) (quoting United States v. Eberhart, 2020 WL 1450745, at*2 (N.D. Cal. March 25, 2020)). Accordingly, Hays' motion is denied, but without prejudice to renewal should the Sentencing Commission, "as a result of the First Step Act, adopt[] a revised policy statement that contains provisions more favorable to [her] circumstances." United States v. Fox, 2019 WL 3046086, at *4.

**DONE** and **ORDERED** this 7th day of April 2020.

                                              **s / Kristi K. DuBose**
                                              **KRISTI K. DuBOSE**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**